UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY[1] B.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:20-cv-05383-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION**

Plaintiff appeals the ALJ's finding he is not disabled. The ALJ found plaintiff's status-post foot injury with multiple surgeries and nerve dysfunction, lumbago, and adjustment disorder with depressed and anxious mood are severe impairments that did not meet the Listings and although plaintiff lacked the residucal functional capacity to perform his past work, he could perform other work in the national economy. Tr. 1290-1330.

Plaintiff contends the ALJ failed to address Listing 1.03 at step three and misevaluated the medical opinion evidence, the lay evidence, and consequently erred at step five. Dkt. 21 at 1. For the reasons below the Court **REVERSES** the Commissioner's final decision and

---

[1] Plaintiff's first name is spelled "Jeffery" throughout most of the administrative record, but is spelled "Jeffrey" on the docket.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 1

**REMANDS** the for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.     Step three**

Plaintiff argues the ALJ erroneously failed to address Listing 1.03 at step three. The record establishes the ALJ did not discuss Listing 1.03. Although the Commisioner concedes the ALJ so failed, he argues the Court can reasonably infer the ALJ reasonably concluded plaintiff did not meet or equal the requirements of the Listing. Dkt. 22 at 2.

The Commissioner's argument misapprehends the ALJ's obligations and this Court's role on review. The ALJ is required at step three to consider whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted). The Court does not in the first instance make a step three determination in order to fulfill an obligation reserved to the ALJ.

The Court is mindful in some instances, the ALJ's failure to fulfill her obligations is harmless. This is not such an instance. The medical record establishes plaintiff's post foot injury with multiple surgeries and nerve dysfunction are significant and severe. It cannot be reasonably concluded the record plainly establishes plaintiff retains the ability to ambulate effectively and his conditions thus fail to meet or equal the requirements of Listing 1.03. The Commissioner contends Dr. Vu opined plaintiff did not meet the Listing, and suggests the ALJ found plaintiff did not meet the Listing based upon Dr. Vu's opinions. The argument does not track with the fact

the ALJ gave only partial weight to Dr. Vu's opinions because the ALJ found plaintiff is more limited than Dr. Vu assessed. Tr. 1308 ("The overall record shows the claimant is more limited thatn Dr. Vu assessed.").

Because the ALJ failed to properly address Listing 1.03 the ALJ on remand shall reassess whether plaintiff meets or equals the requirements of the Listing. As the case shall be remanded regarding Listing 1.03, the Court need not address plaintiff's arguments about the ALJ evaluation of medical evidence about his physical limitations as they are tied to the reevalaution of Liting 1.03. Thus on remand the ALJ shall, as part of her assessment of Listing 1.03, reassess the medical evidence regarding plaintiff's physical problems.

**B.     Medical Evidence Regarding Mental Limitations**

   **1.     Aaron Hunt, M.D.**

Dr. Hunt performed a mental IME in August 2012. Tr. 868-907. The ALJ noted Dr. Hunt opined plaintiff's symptoms did not preclude work and return to work likely would improve plaintiff's overall condition. Tr. 1303, 1308-09. Plaintiff argues the ALJ failed to address Dr. Hunt opinion plaintiff's medications needed to be increased and plaintiff could benefit from short-term psychotherapy. Tr. 875. The ALJ is authorized to weigh the evidence and plaintiff fails to show the ALJ harmfully erred.

   **2.     Edwin Hill, Ph.D.**

Dr. Hill, plaintiff's treating psychologist, completed a form opinion in September 2013 describing plaintiff's symptoms and limitations. Tr. 976-79. The ALJ summarized Dr. Hill's findings and rejected the doctor's opinions. Tr. 1305, 1309-10.

First, the ALJ rejected Dr. Hill's opinions because the doctor began treating plaintiff in 2012 but opined plaintiff's limitations existed as early as 2006. Tr. 1310. Ostensibly the ALJ

found Dr. Hill gave an opinion that could not be supported. However, what Dr. Hill actually noted is plaintiff suffers from major depressive disorder, anxiety disorder and personality "due to sequalae from August 17 2006" not that plaintiff current symptoms actually existed in 2006. Tr. 1092.

The ALJ also rejected Dr. Hill's opinions as based upon plaintiff's self-reports. Dr. Hill treated plaintiff extensively and did not find he was not credible or malingering. Thus the ALJ erred in rejecting the doctor's opinions as relying too much on plaintiff's reports. The ALJ also noted Dr. Hill did not reference the secondary gain motivation noted by Jeffrey Okey, Ph.D. in his examination report. Tr. 1310. But Dr. Okey did not opine plaintiff was in fact malingering. Rather he found plaintiff's MMPI elevated scores sometimes were present in cases of secondary gain. This equivocal opinion cannot reasonably support a finding that plaintiff in fact is a malingerer. The Court accordingly concludes the ALJ's determination to reject Dr. Hill's opinion is not supported by substantial evidence

### 3. Jeffrey Okey, Ph.D.

Dr. Okey examined plaintiff in January 2013. Tr. 1071-75. The ALJ rejected Dr. Okey's opinions finding the doctor failed to provide a function-by-function assessment of plaintiff's capabilities, and his opinion plaintiff was "functionally disabling" is a finding reserved to the Commissioner. Tr. 1309. The ALJ erred. The ALJ must assess a claimant's RFC on a function-by-function basis, unless the ALJ relies on medical opinions defining relevant functional limitations. *Lind v. Astrue,* 370 Fed.Appx. 814, 817 (9th Cir. 2010) ("The ALJ is not required to repeat the function-by-function analysis [provided in the record]."). But there is no requirement a doctor must perfrom a function-by-function analyses for the doctor's opinion to be credited. To the extent the ALJ required more specificity, the ALJ should have developed the record, not

1   simply reject the opinion.  As to findings reserved to the Commissioner, while the ALJ need not

2   accept a medical opinion of "disability" an opinion about disability opinion does not alone render

3   the doctor's findings invalid.

4   The ALJ also found Dr. Okey examined plaintiff after he had been receiving a few

5   months of treatment and recommended an additional three months of treatment (Tr. 1074), and

6   this duration would not satisfy the Social Security Act's definition of disability. This finding

7   disregards the fact that plaintiff has had extended mental health treatment and problems.

8   Lastly, the ALJ noted Dr. Okey's concerns about the validity of the testing in light of

9   Plaintiff's elevated responses as well as Dr. Okey's comments regarding Plaintiff's disability

10  conviction.  Tr. 1309. However, Dr. Okey did not find plaintiff was not severely limited because

11  he was exaggerating his symptoms. To the contrary the doctor opined plaintiff was very

12  impaired.  Hence the ALJ's finding is unsupported. The Court accordingly finds the ALJ erred in

13  rejecting Dr. Okey's opinions.

14  **C.     Lay Evidence**

15  Plaintiff submitted numerous lay witness statements to the ALJ, during both the original

16  proceedings and the remand proceedings.  *See* Tr. 207-14, 265-304, 319-21, 1755-69.  The ALJ

17  summarized fourteen of the statements at length, and gave some weight to certain opinions the

18  ALJ deemed were consistent with the overall record, but noted some statements conflicted with

19  plaintiff's testimony or the medical record, or were not probative as to Plaintiff's RFC and the

20  ALJ's disability determination.  Tr. 1310-12.  The ALJ also noted one of the lay witnesses had

21  limited interaction with Plaintiff, which rendered his statements less probative.  Tr. 1311.  The

22  ALJ did not discuss five lay statements that were submitted in 2016.  Tr. 1755-1769.

23

An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Inconsistency between a lay statement and the medical evidence and/or the claimant's testimony are germane reasons to discount a lay statement. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (activities); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (medical evidence). Thus, because the ALJ reasonably found some lay statements to be inconsistent with plaintiff's testimony and/or the medical record, the ALJ provided germane reasons to discount them and the Court affirms that portion of the ALJ's decision.

Although the ALJ failed to provide any reason to discount five lay statements submitted in 2016, those statements mirror Plaintiff's own allegations, which the ALJ discounted and Plaintiff does not challenge that reasoning. *See* Tr. 1755, 1758, 1761, 1764, 1767. Because the ALJ's reasoning with respect to Plaintiff's testimony applies with equal force to the lay testimony, and Plaintiff has not challenged that line of the ALJ's reasoning, the Court finds no harmful error in the ALJ's failure to address the 2016 lay statements. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

**D.     Step five**

Because the ALJ erred at step three and in evaluating the medical evidence above, the ALJ on remand must based upon a reassessment of Listing 1.03 and the medical evidence regarding plaintiff's mental limitations proceed to step five as appropriate.

For the foregoing reasons, the Commissioner's decision final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall make appropriate findings at step three regarding Listing 1.03, reassess the opinions of Drs. Okey, and Hill, develop the record and reassess plaintiff's RFC as needed and proceed to step five as appropriate.

DATED this 28th day of October, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge